## MT. WASHINGTON HOTEL CO. *v.* MARSH & a.

A lease of the land of a corporation, made without authority by the president and treasurer of the corporation to the president, may be ratified and affirmed by the stockholders.

A deed, whereby a tenant for years undertakes to convey the fee, will pass the term to the grantee.

BILL IN EQUITY, set down for hearing on bill and answer. The bill alleges that on the 28th day of June, 1875, the plaintiff corporation was seized in fee of a certain piece of land in Carroll; that on that day the defendant Marsh, acting as president, and Henry L. Tilton, acting as treasurer of the corporation, without

lawful authority, executed to Marsh a lease for 199 years of said land, and Marsh, on the 7th day of April, 1880, executed and delivered to the defendant Sands a deed of warranty of the same land ; and praying that the cloud thus placed on the plaintiffs' title be removed.

The answer sets forth, that on Oct. 25, 1875, the stockholders by vote authorized the directors to " take such action in regard to the lease of land belonging to the corporation upon which Sylvester Marsh has built a cottage near the Fabyan House as they may deem best," and that four of the five directors soon after indorsed their consent upon the lease as follows : " We consent to the foregoing lease, and hereby approve the same ; " that Marsh, before conveying the premises to Sands, relying upon the lease, built a cottage thereon at an expense of $2,500 ; and that all the covenants of the lease have been kept on the part of the lessee.

*Ladd & Fletcher*, for the plaintiffs.

*Bingham, Mitchells & Batchellor* and *Drew, Jordan & Carpenter*, for the defendants.

CLARK, J.　This cause being heard on bill and answer, the allegations of the answer are to be taken as true (*Rogers* v. *Mitchell*, 41 N. H. 154), and upon the facts alleged in the answer the plaintiffs are not entitled to the relief prayed for.

If the lease from the Hotel Company to Marsh was originally unauthorized, the subsequent ratification by the directors under the authority specially conferred by the vote of the stockholders at the annual meeting in October, 1875, with full knowledge of all the facts, made it binding in equity upon the corporation.　It is immaterial that the endorsement of the directors approving the lease was not under seal ;—equity regards the intent rather than the form.　1 Pom. Eq. Juris., *ss.* 379, 383.

If, as alleged, Marsh, relying upon the agreement of the company and upon the validity of the lease, was induced to take possession of the land and make permanent improvements upon it at great expense, it was such part performance of the contract by him as would entitle him to maintain a bill for specific performance against the company ; and equity requires the affirmance of the lease rather than its cancellation.

The deed from Marsh to Sands conveyed to the latter the interest of Marsh in the premises, which was a leasehold estate.　G. L., *c.* 185, *s.* 18.　The plaintiffs are not estopped from objecting that the deed purports to convey an estate in fee by the fact that several if not all of the directors and stockholders of the corporation knew that Marsh contemplated the sale of the cottage, and knew of the conveyance at or about the time it was made, and did not object.　They were not called upon to object unless they knew

that Marsh intended to sell and convey a greater interest than he possessed or could lawfully convey, which is not alleged.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.